IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DEBRA BASS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:16-cv-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WAL-MART STORES, INC., | ) | By: Hon. Jackson L. Kiser |
| | ) |     Senior United States District Judge |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment. [ECF No. 18]. Plaintiff Debra Bass has alleged one count of simple negligence. To give the parties sufficient time to prepare for trial, briefing was closed on February 27, 2017, after Debra Bass filed her response to Wal-Mart's Motion.[1] No oral argument was held, but the parties' briefs sufficiently laid out their positions on the facts and law. For the reasons stated herein, I will grant Wal-Mart's Motion for Summary Judgment.

**I.    BACKGROUND[2]**

On June 8, 2014, Plaintiff went to the Wal-Mart store in Danville, VA, to buy groceries. (Bass Dep. 32:22-24.) Plaintiff was wearing rubber flip-flops and, after entering the store, began to push a shopping cart. (*Id.* at 41:11-42:14.) As she turned into Aisle 8, her "feet went out from under [her]," and she fell to the ground. (*Id.* at 42:10-14.) Plaintiff was looking ahead and towards the shelf in search of baker's chocolate when she fell. (*Id.*) Plaintiff quickly realized

---

[1] Under Paragraph 5 of the Pretrial Order, "[a]ll Rule 12 and Rule 56 motions must be heard or submitted on briefs no later than 30 days prior to trial. To meet this deadline the moving party must allow adequate response time for the opposing party . . . ." Trial is currently scheduled for March 29-30, 2017.

[2] Except where noted, the following facts are undisputed among the parties.

- 1 -

that she had slipped on cooking oil that had been spilled on the floor. (*Id.* at 48:5-8.) Plaintiff does not know how the oil got onto the floor or how long the spill had been there. (*Id.* at 49:6-11.) After falling, Plaintiff noticed a bottle of Crisco cooking oil on the floor of the aisle. (*Id.* at 49:11-14.) She admitted to not looking down at the floor in part because she "was looking up" for the items she was searching for and to "make sure [she] didn't run into anybody." (*Id.* at 56:8-14.) She described the spill as "about 24 inches wide [and] about 36 inches going across the lane." (*Id.* at 51:6-9.) She also described the oil as having no color. Plaintiff contends that as a result of her fall, she suffered a torn rotary cuff and received surgery. (*Id.* at 74:6-75:4, 77:6-19.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the facts, and the inferences to be drawn from them, in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The court must not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The moving party has the initial burden of pointing out to the court the deficiency in the non-movant's case that would make it impossible for a reasonable fact-finder to return a verdict in the non-movant's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A movant-defendant may show that he is entitled to judgment as a matter of law by demonstrating that the plaintiff could not prove an essential element of his case. *Id.* at 322–23. It is then up to the non-movant to demonstrate to the court that there are genuine issues of material fact, and that he has

made a sufficient showing on each of the essential elements of his case. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008); *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). Therefore, summary judgment is appropriate when the moving party points out a lack of evidence to support an essential element of his or her claim. *See Blair v. Colonas Shipyards Inc.*, 52 F. Supp. 2d 687, 692 (E.D. Va. 1999), *aff'd* 203 F.3d 819 (4th Cir. 2000).

In a diversity case, a federal court must apply the substantive law of the forum state. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Therefore, the Virginia law applicable to slip-and-fall cases governs this case. *Logan v. Boddie-Noell Enter., Inc.*, No. 4:11-cv-8, 2012 WL 135284, at *4 (W.D. Va. January 18, 2012).

### III. DISCUSSION

Few facts are in dispute. The parties agree that Plaintiff slipped on cooking oil that had spilled in Aisle 8 of the Wal-Mart located in Danville. Defendant does not dispute that the spill constituted a hazard. Defendant argues, however, that Plaintiff has failed to provide evidence that Defendant had actual or constructive knowledge of the spill.

The parties agree that Plaintiff was Defendant's invitee. In Virginia, a business owner owes an invitee,

> the duty to exercise ordinary care toward her as its invitee upon the premises. In carrying out this duty [the business owner is] required to have the premises in a reasonably safe condition for [the invitee's] visit; to remove, within a reasonably time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that others persons had placed there; [and] to warn [the invitee] of the unsafe condition if it was unknown to her, but was or should have been, known to the [business owner].

*Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962). A plaintiff "must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition

- 3 -

on the premises to establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 889 (Va. 1993). Defendant only contends that Plaintiff has failed to present evidence that Defendant had actual or constructive knowledge of the spill.

In the absence of actual knowledge, constructive knowledge may be demonstrated by "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Id.* at 890. In *Grim*, a "broken fluorescent light" burned the defendant, a toddler, after he touched the area under a customer counter. *Id.* at 888. The Virginia Supreme Court held that because the plaintiff had failed to provide any evidence "as to when the fixture was broken [or] how it was broken," it could not establish that it had existed long enough to give the defendant constructive notice of its existence. *Id.* at 890. As a result, the defendant prevailed as a matter of law.

Plaintiff has presented video evidence which shows multiple Wal-Mart employees walking past Aisle 8 in the hour leading up to Plaintiff's fall, though only two seem to be near the location of Plaintiff's fall. (*See generally* Pl.'s Resp. Exs. 10–11, Feb. 27, 2017 [ECF Nos. 21 & 22]). One employee is seen stocking the shelves of Aisle 8 approximately 50 minutes prior to Plaintiff's fall. (*Id.*) About 30 minutes prior to Plaintiff's fall, another employee is seen helping customers in Aisle 8. What the video does not show, however, is when or how the spill occurred.

In the absence of direct evidence of notice, Plaintiff needs to introduce evidence of constructive notice that could lead a reasonable juror to conclude that Defendant should have been aware of the spill. Imputing constructive knowledge upon Defendant requires the Court to look to other established facts which could lead the fact-finder to determine how long the condition existed prior to the accident.

In her deposition, Plaintiff describes the oil spill as being about two feet by three feet and spread "across the lane." (Bass Dep. 51:6-11.) The bottle was nearly empty with just "a tiny bit" left in the bottle. (*Id.* at 54:11-16.) Plaintiff also describes the oil as being "gritty." (*Id.* at 47:3-6.) Furthermore, she describes two "tracks" that she saw in the oil after she fell (*Id.* at 58:7-14.) In an affidavit, Plaintiff describes the tracks as a footprint "where it looked like someone had tried to go around [the spill] . . . [and] black markings from shopping carts going through [the spill]." (Pl.'s Resp. Ex. 1 [ECF No. 21].)

The Virginia Supreme Court declined to create a rule that would allow "juries to speculate upon how long a foreign substance had been on the floor or how it got there" through evidence of the substance's physical condition at the time of a plaintiff's injury. *Great Atl. & Pac. Tea Co. v. Berry*, 128 S.E.2d 311, 313–14 (Va. 1962). In *Berry*, the plaintiff slipped on a piece of celery "about one and a half inches in length." Id. at 312. The plaintiff testified that after her fall, she noticed the celery to be dark in color. The Virginia Supreme Court held that "[t]he plaintiff crushing the celery under her foot as she said she did, clearly could have caused its discoloration." Id. at 313.

I decline to interpret *Berry* as an absolute ban on evidence of a substance's condition.[3] The court in *Berry* barred speculation as to *how* a substance reached a certain condition. The

---

[3] *But see Woods v. Wal-Mart Stores*, Inc., No. 3:05cv048, 2005 WL 2563178 (E.D. Va. October 12, 2005). *Woods* shares similar facts with this case. The plaintiff slipped on a puddle of what appeared to be "Mop & Glo," a cleaning product. *Id.* at *1. The plaintiff noticed that the puddle had dried somewhat, cart tracks were present, and the puddle had accumulated dust. *Id.* As in this case, the plaintiff did not personally know how long the puddle had been on the ground or who had caused it. *Id.* The plaintiff also did not know "the last time anyone had walked down the aisle in which she fell." *Id. Woods* interpreted *Berry* to be a complete bar on evidence of a spill's physical condition. I am not bound by *Woods*, and I decline to read *Berry* so broadly.

To bar any evidence of a spill's condition at the time of a fall would prevent any plaintiff from prevailing without direct evidence. This broad reading is inconsistent with later rulings by the Virginia Supreme Court stating that "constructive knowledge must be shown by circumstantial evidence." *Appalachian Power Co. v. Sanders*, 349 S.E.2d 101, 105 (Va. 1986).

- 5 -

court held that it would be speculative to conclude that the discoloration of a piece of celery was caused over a long period of time when it was just as likely to have been caused by the plaintiff stepping on it. Likewise, in this case, the oil could have become "gritty" simply by making contact with a dirty floor, and the foot and cart tracks could have been caused moments prior by any of the many customers seen shopping in Aisle 8, if not by Plaintiff herself. It is not possible for a reasonable juror to conclude Defendant was negligent without improper speculation.

Plaintiff has been unable to present any evidence to establish that Defendant had actual or constructive notice of the spill. Evidence of the physical condition of a spill is insufficient when those conditions are just as likely to have been caused by something other than its existence for a prolonged period of time. While I am bound to view the evidence in the light most favorable to Plaintiff, I cannot engage in speculation to fill the gaps in Plaintiff's evidence. Because Plaintiff has failed to present evidence establishing each element of her claim, Defendant is entitled to summary judgment in its favor.

## IV.    CONCLUSION

Plaintiff has failed to present evidence to show that Defendant had actual or constructive knowledge of the hazard. Because Plaintiff cannot make out a *prima facie* case, I will grant Defendant's Motion.

- 6 -

Case 4:16-cv-00033-JLK-RSB   Document 28   Filed 03/09/17   Page 6 of 7   Pageid#: 248

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 9th day of March, 2017.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE